G-REEN, J.
delivered the opinion of the court.
We think the court did right in the rejection of the evidence offered. Provocations are admissible in evidence to mitigate damages in an action of assault and battery, but they must be given immediately previous to the assault. If the blood has time to cool after the provocation and before the battery is committed, evidence of the provocation is inadmissible for any purpose. 3 Starkie, 1461: 1 Mass. Rep. 12. The circuit court, therefore, went far enough when it only restricted the defendant to proof that the provoking fact had come to his knowledge on the day he committed the battery. This is extending the rule farther than the authorities warrant. It would, as the court say in the above case of Avery vs. Ray, (1 Mass. 12,) be emphatically going too far, and contrary to all rule, to permit the evidence which was offered in this case. The court would be in favor of admitting evidence of a provocation which might come to the knowledge of a party immediately before the battery, although the facts thus provoking him may have previously existed. This would be within the' reason of the rule. The blood would be as much heated by the communication to a parly of. the fact that an injury had been *84 previously inflicted on his character, or his property, as though he had witnessed the injurious conduct. The law would, therefore, equally regard the frailty of his nature, and extenuate the violence of his conduct in the one case as in the other. But if it were admitted that former provocations should be given in evidence to mitigate damages, where would the court stop. If after the blood has had time to cool, and the passions have so subsided as that deliberation is restored, a party may offer such provocation in mitigation of a battery, he may, upon the same principle, go back to any distance of time for a provocation to extenuate the injury he inflicts. Such a rule would be of the most dangerous tendency in society. Men naturally love to take vengeance into their own hands, and all the restraints of the law are insufficient effectually to suppress the outbreakings of their passions. But establish the rule which is contended for by the plaintiff in error, and the laws wdl never be resorted to for the redress of injuries by the strong; but they will take upon themselves to chastise those who offend them at pleasure, and rely upon proof of the provocation to mitigate the damages. It would also hold out temptations to a party to procure, by false testimony, proof of a former provocation,
Judgment affirmed,